UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA PETERS; BOBBIE PETERS; JUSTIN COPPINGER; and TAMMIE MOSTROM, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KITSAP, a political subdivision of the State of Washington; and THE OFFICE OF KITSAP COUNTY SHERIFF, <br><br> Defendants. | CASE NO. C07-5431BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING DEFENDANTS' MOTION TO STRIKE |

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings (Dkt. 8) and Defendants' Motion to Strike (Dkt. 12). The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file herein and hereby grants in part and denies in part Defendants' Motion for Judgment on the Pleadings and denies Defendants' Motion to Strike.

**I. STANDARD**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

ORDER – 1

Fed. R. Civ. P. 12(c).

Defendants move for a judgment on the pleadings on the basis that "Plaintiffs have not identified a claim for which Kitsap County can be held liable" and "Plaintiff cannot show that the Office of Kitsap County Sheriff is a separate legal entity, subject to suit and properly named as a defendant in this case." Dkt. 8 at 4, 5. The Court will therefore apply the standard applicable to a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts,* 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

## II. MOTION TO STRIKE

Defendants seek to strike Plaintiffs' response as it was untimely filed. Defendants filed their motion on November 29, 2007 (Dkt. 8) and pursuant to Local Rule CR 7(d)(3), this motion was noted for December 21, 2007. Local Rule CR 7(d)(3) mandates that a response in opposition should be filed and served "no later than the Monday before the noting date." Plaintiffs did not file their response until December 20, 2007, one day before the noting date. Dkt. 11. Plaintiffs' failure to timely file their response to the motion should result in the Court

ORDER – 2

granting Defendants' motion to strike.  "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2).

### III. PLAINTIFFS' CLAIMS AGAINST KITSAP COUNTY

Plaintiffs failed to timely file papers in opposition to the motion for judgment on the pleadings; therefore the Court may consider this as an admission that the motion has merit. Local Rule CR 7(b)(2).  Defendants seek judgment on the pleadings on the basis that the "Plaintiffs have not identified a claim for which Kitsap County can be held liable." Dkt. 8 at 4.  However, the Supreme Court clearly rejected defendants' argument of requiring a plaintiff to do "more than plead a single instance of misconduct" when making a claim of municipal liability under 42 U.S. C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 167 (1993).  The Supreme Court stated:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Id.* at 168 (quoting *Conley v. Gibson,* 355 U.S. 41 (1957).

The Court finds in the instant matter that Plaintiffs have pled sufficient facts to provide the Defendants fair notice of their claim and the grounds upon which it rests.  Like in *Leatherman*, the "litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." 507 U.S. at 168-69.

### IV. PLAINTIFFS' CLAIMS AGAINST KITSAP COUNTY SHERIFF

Defendants contend that Plaintiffs' suit against the Office of the Kitsap County Sheriff should fail as the Kitsap County Sheriff is not a "person" subject to suit under 42 U.S.C. § 1983. Dkt. 8 at 5. The Ninth Circuit has affirmed the position that "municipal police departments and bureaus are not 'persons' within the meaning of 42 U.S.C. § 1983." *U.S. v. Kama,* 394 F.3d

ORDER – 3

1236, 1239-40 (9th Cir. 2004) (citing *Hervey v. Estes,* 65 F.3d 784, 791 (9th Cir. 1995)); *see also Dean v. Barber,* 951 F.2d 1210 (11th Cir. 1992); *Post v. City of Ft. Lauderdale,* 750 F. Supp. 1131 (S.D. Fla. 1990).  Therefore, Plaintiffs cannot maintain suit against the Office of the Kitsap County Sheriff as it is not a "person" subject to suit under 42 U.S.C. § 1983.

## V. ORDER

It is therefore **ORDERED** that Defendants' Motion for Judgment on the Pleadings (Dkt. 8) is hereby **GRANTED in part and DENIED in part.**  Defendants' motion is **DENIED** with respect to Defendant Kitsap County, and is **GRANTED** with respect to Defendant The Office of Kitsap County Sheriff.  Plaintiffs' claims against Defendant The Office of Kitsap County Sheriff are hereby **DISMISSED with prejudice.**

It is further **ORDERED** that Defendants' Motion to Strike (Dkt. 12) is hereby **GRANTED.**  Plaintiffs' response to Defendants' Motion (Dkt. 11) is hereby **STRICKEN.**

DATED this 11th day of January, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4