UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA PETERS, et al.,

        Plaintiffs,

    v.

COUNTY OF KITSAP, et al.,

        Defendants.

CASE NO. C07-5431BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 17, 2007, Plaintiffs Linda Peters, Bobbie Peters, Justin Coppinger, and Tammie Mostrom filed a complaint against Defendants County of Kitsap and the Office of Kitsap County Sheriff alleging violations of their civil rights under 42 U.S.C. § 1983. Dkt. 1.

Plaintiffs' alleged injuries stem from an encounter at Plaintiff Linda Peters' residence between Plaintiffs and officers of the County of Kitsap police department. *Id*. Plaintiffs claim that the police officers did "violate the civil rights of the plaintiffs . . . as well as unlawfully imprisoning, arresting, conducting a negligent investigation and negligently inflicting emotional distress, by ordering [Plaintiffs] out of their residence, requiring them to lay on the ground, handcuff one or more of the plaintiffs, and searched

the residence." *Id*. ¶ 6. Plaintiffs also claim that "[a]ll these acts and omissions were conducted without a search warrant and without probable cause." *Id*. Plaintiffs seek four million dollars in damages. *Id*. ¶ 9.

On December 19, 2007, Defendants filed a motion for judgment on the pleadings. Dkt. 8. On January 11, 2008, the Court issued an order that granted in part and denied in part that motion. Dkt. 13. In that order, the Court dismissed Defendant Office of Kitsap County Sheriff because "Plaintiffs cannot maintain suit against the Office of the Kitsap County Sheriff as it is not a 'person' subject to suit under 42 U.S.C. § 1983." *Id*. at 4.

On September 2, 2008, Defendant County of Kitsap filed a Motion for Summary Judgment. Dkt. 23. On September 17, 2008, Plaintiffs responded. Dkt. 30. On September 29, 2008, Defendant replied. Dkt. 31.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. Municipality Liability Under 42 U.S.C. § 1983**

Private parties may enforce their federal rights agains persons who have acted under color of state law as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . .

42 U.S.C. § 1983. Although municipalities are subject to suit under § 1983, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, to establish a § 1983 claim against a municipality, a plaintiff must:

> (1) identify a specific policy or custom;
> (2) demonstrate that the policy was sanctioned by the official or officials responsible for making policy in that area of the city's business;
> (3) demonstrate a constitutional deprivation; and
> (4) establish a causal connection between the custom or policy and the constitutional deprivation.

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Defendants claim that Plaintiffs "have failed to allege or identify a policy or custom that led to a constitutional deprivation which they claim to have suffered." Dkt. 23 at 9. The Court agrees with Defendants as the record is absent of any specific policy or custom at issue. Plaintiffs' minimal argument in opposition to summary judgment is as follows:

> 1. Deputy Loftus unlawfully and unreasonably seized the person of Tammie Mostrom, placing her in handcuffs and pushing her to the ground with his foot. This was ostensibly to prevent her from re-entering the residence, yet her then 17 year old sister was allowed to re-enter the residence to retrieve her baby and to lock the dogs in a room, even though no search of the residence had been made.
> 2. The residence was searched without a warrant ostensibly with consent from Tammie Mostrom but she was only a visitor, not a resident of the home.

Dkt. 30 at 2. Because Plaintiffs do not contend that Kitsap County maintains a policy or custom pertinent to their alleged injuries, and because Plaintiffs do not explain how such a policy caused their injuries, Plaintiffs' claim against Kitsap County cannot succeed as a matter of law. *See Sadowski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir.) *cert. denied*, 547 U.S. 1192 (2006). Therefore, Defendants are entitled to summary judgment as a matter of law.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 23) is **GRANTED** and Plaintiffs' complaint is **DISMISSED**.

DATED this 7th day of October, 2008.

BENJAMIN H. SETTLE
United States District Judge